UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| FREDONNA MCCLELLAN, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> ANDREW SAUL, ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | Case No. 2:20-cv-163-PLR-SKL |

## REPORT AND RECOMMENDATION

Before the Court is an application ("Application") to proceed *in forma pauperis* ("IFP") filed by Fredonna McClellan ("Plaintiff") [Doc. 2]. This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b) and the rules of this Court.

Title 28 U.S.C. § 1915 authorizes an indigent plaintiff to file a complaint without prepayment of the usual filing fee. The purpose of the statute is "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (*citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). The Court's review of a request to proceed IFP is generally based solely on the affidavit of indigence. *See*, *e.g.*, *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement a petitioner must meet in order to proceed IFP is to show, by affidavit, that he or she is unable to pay court fees and costs. 28 U.S.C. § 1915(a). An affidavit to proceed IFP is sufficient if it shows the petitioner's financial situation will not permit her to pay for the costs of the litigation and also be able to provide the necessities of life for herself and her dependents. *Adkins*, 355 U.S.

at 339.

Plaintiff's Application does not show she is unable to pay the $400.00 filing fee while still affording the necessities of life. Plaintiff's application states that she has a checking account balance of $844.16 savings account balance of $2,006.75, and a Roth IRA account containing $8,000.00 [Doc. 2 at Page ID #13]. It appears Plaintiff is unemployed.[1] Plaintiff's spouse is employed and their total monthly household income is $2,475. Plaintiff lists total monthly living expenses of $3,110.59 (though the total expenses listed may actually be $3,190.59), which includes $250.00 for monthly tithing [Doc. 2 at Page ID at # 16].

Using Plaintiff's listed amount of monthly living expenses, Plaintiff does not indicate how she and her spouse cover their reported monthly living expenses as their monthly living expenses exceed their income by $634.84 each month. Plaintiff lists a mortgage payment of $354.38 with a loan balance on the mortgage of $34,976.80 on a home she values at $128,300.00 in her Assets section [Doc. 2 at Page ID ## 13 & 16]. Plaintiff claims no other dependents. There are further inconsistencies that could be enumerated here,[2] but as Plaintiff's Application states she has a

---

[1] Plaintiff did not list any information concerning current or past employment for herself or any salary or wages per month for any current or past employment [Doc. 2, Page ID # 11].

[2] Plaintiff states she and her husband received a total of $2,400 due to the "stimulus" but does not indicate if that amount is reflected in her checking account balance of $844.16, savings account balance of $2,006.75, Roth IRA account containing $8,000.00, or it was put to another use or used to pay debts or make a purchase of some kind. Plaintiff also states her husband is a detective with the Sullivan County Sheriff's Office and has been with employed there for 17 years. She lists his salary or wages per month as $2,475, which is $29,700 per year, and does not list any pension, which seems somewhat unusual for a detective with 17 years police experience [Doc. 2 at Page ID # 17].

2

checking account balance of $844.16, savings account balance of $2,006.75, and a Roth IRA account containing $8,000.00 [Doc. 2 at Page ID #13], Plaintiff has reported sufficient resources to pay the filing fee after her monthly living expenses are satisfied.

No doubt, Plaintiff's financial situation is strained, but I cannot find she is unable to pay the Court's filing fee under the circumstances. Accordingly, I **RECOMMEND** that the Application to proceed IFP [Doc. 2] be **DENIED**.[3]

ENTER.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).